IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY BEAL and
ANDRE VARNADO,

      Plaintiffs,

vs.                                      Civ. No. 05-529 JP/LAM

LIEUTENANT JAVIER D. DIAZ,
in his individual capacity,

      Defendant.

AARON S. RICKS,

      Plaintiff,

vs.                                      Civ. No. 05-542 BB/LAM

LIEUTENANT JAVIER D. DIAZ,
in his individual capacity,

      Defendant.

MEMORANDUM OPINION AND ORDER

On September 7, 2005, Defendant Diaz filed Defendant's Motion and Incorporated

Memorandum in Support for Summary Judgment (Doc. No. 36).  On February 1, 2006,

Defendant Diaz filed Defendant's Motion in Limine to Exclude Evidence of Defendant Diaz's

Indictment (Doc. No. 78), and on February 3, 2006, Defendant Diaz filed Defendant's Motion in

Limine to Exclude Evidence of Defendant Diaz's Alleged Intoxication and Alcohol Consumption

(Doc. No. 80).

On March 2, 2006, the Court held a Pretrial Conference.  Joseph Kennedy (counsel for

Plaintiffs) and Greg Biehler (counsel for Defendant Diaz) were present at the Pretrial Conference.

Having heard the arguments of counsel at the Pretrial Conference and having reviewed the briefs, the Court finds that 1) Defendant Diaz's motion for summary judgment should be denied; 2) Defendant Diaz's motion to exclude the indictment should be granted; and 3) Defendant Diaz's motion to exclude evidence of intoxication should be denied.  The Court also sets a final Pretrial Conference on March 31, 2006 at 1:30 p.m. at the United States Courthouse on 421 Gold Ave. SW, Sixth Floor, Albuquerque, New Mexico.

A.  Defendant Diaz's Motion for Summary Judgment

The Plaintiffs bring this lawsuit under 42 U.S.C. §1983 and the New Mexico Tort Claims (NMTCA) Act.  Plaintiffs' §1983 claims are based on Fourth Amendment violations including unreasonable seizure and excessive force.  The Plaintiffs' NMTCA claims are based on the state torts of battery and false imprisonment.  Defendant Diaz argues in his motion for summary judgment that he is entitled to qualified immunity on the Fourth Amendment claims.  In addition, Defendant Diaz argues that if he did not violate any of the Plaintiffs' Fourth Amendment rights, he could not be liable for the torts of battery and false imprisonment.

1. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward

2

with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "When a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000).   This is a heavy burden for the plaintiff.  *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)(citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)).  "'First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1534-35).  If, and only if, the plaintiff establishes both elements of the qualified immunity test does a defendant then bear the traditional burden of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1535)).  In other words, although the court "review[s] the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise the defendants are entitled to qualified immunity." *Cram*, 252 F.3d at

3

1128 (citation omitted).

    2.  Discussion

        a.  Qualified Immunity with Respect to the Fourth Amendment Claims

Although "[t]he court is to determine legal questions of whether the plaintiff's claim asserts a violation of a constitutional right and whether the right was clearly established at the time[,]... [t]he jury should determine the defendant's objective reasonableness where this question depends on whose version of the facts are believed." *Trujillo v. Large*, 2006 WL 235262 *1 (10th Cir.).  In this case, the Plaintiffs present one version of the facts leading up to the felony stop at issue while Defendant Diaz presents another version of the facts.[1]  There is also a question as to the level of Defendant Diaz's intoxication the evening that the felony stop occurred. Viewing the evidence in the light most favorable to the Plaintiffs, a jury could find that Defendant Diaz's detention or seizure of the Plaintiffs was objectively unreasonable.  Furthermore, viewing the evidence in the light most favorable to the Plaintiffs, a jury could find that Defendant Diaz's use of force was objectively unreasonable under all of the circumstances.  Finally, there is no argument by Defendant Diaz that if a jury found that he violated Plaintiffs' Fourth Amendment rights that those rights were not clearly established at the time of the conduct at issue.  The Court, therefore, finds that 1) the Plaintiffs have carried their heavy burden of meeting the qualified immunity test; and 2) Defendant Diaz has failed to show that are no genuine issues of material facts.  Hence, Defendant Diaz is not entitled to summary judgment on the Fourth Amendment claims.

_____

[1]Defendant Diaz appears to admit the possibility that he may have mistakenly followed the Plaintiffs. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991)(qualified immunity is not available if a police officer acts unreasonably although mistakenly).

（）

b. The NMTCA Claims

Summary judgment cannot be granted with respect to the tort of false imprisonment if there is disputed evidence of whether a defendant had reasonable cause to detain a plaintiff,. *Diaz v. Lockheed Electronics*, 95 N.M. 28, 31, 618 P.2d 372, 375 (Ct. App. 1980).  Moreover, with respect to the battery claim, the question as to whether Defendant Diaz's use of force was reasonably necessary under all of the circumstances of the case is, likewise, a jury question. *See Mead v. O'Connor*, 66 N.M. 170, 173, 344 P.2d 478, 479-80 (1959)(whether the use of force is reasonable is a jury question for the tort of assault, and presumably, for the tort of battery as well).  Defendant Diaz is, therefore, not entitled to summary judgment on the NMTCA claims.

B.  Defendant Diaz's Motion in Limine to Exclude the Indictment

At the Pretrial Conference, Mr. Kennedy agreed that the Court should grant this motion in limine, provided that the issue of admission of any future criminal conviction of Defendant Diaz could later be raised.  Consequently, the Court will grant the motion in limine to exclude the indictment.

C.  Defendant Diaz's Motion in Limine to Exclude Evidence of Intoxication

Defendant Diaz moves to exclude the evidence of his intoxication under Fed. R. Evid. 403.  The Court, however, finds that the issue of intoxication is central to whether Defendant Diaz acted in a reasonable manner, and that the probative value of evidence of intoxication outweighs the danger of unfair prejudice to Defendant Diaz.  Accordingly, Defendant Diaz's motion to exclude evidence of intoxication will be denied.

IT IS ORDERED that:

1.  Defendant's Motion and Incorporated Memorandum in Support for Summary Judgment (Doc. No. 36) is denied;

2.  Defendant's Motion in Limine to Exclude Evidence of Defendant Diaz's Indictment (Doc. No. 78) is granted;

3. Defendant's Motion in Limine to Exclude Evidence of Defendant Diaz's Alleged Intoxication and Alcohol Consumption (Doc. No. 80) is denied; and

4.  a final Pretrial Conference is set on March 31, 2006 at 1:30 p.m. at the United States Courthouse, 421 Gold Ave. SW, Sixth Floor, Albuquerque, New Mexico.

_____

SENIOR UNITED STATES DISTRICT JUDGE